No. 26-2685

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| In Re:<br><br>B.A.S.S. & M., Inc.,<br><br>Debtor. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| | Case No. 25-cv-15741 |
| SUZIE BABA WILSON and SWEDLANA DASS,<br><br>Appellants,<br><br>v.<br><br>ARIANE HOLTSCHLAG, *et al.*,<br><br>Appellees. | Hon. Steven C. Seeger, Judge Presiding<br><br>There heard on appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division<br><br>Bankruptcy No. 24-15381<br><br>Hon. Donald R. Cassling, Judge Presiding |

**RESPONSE TO JURISDICTIONAL MEMORANDUM**

Appellee, the City of Chicago, by its attorney, Mary B. Richardson-Lowry, Corporation Counsel of the City of Chicago, pursuant to this court's September 2, 2026 order, submits this response to the jurisdictional memorandum submitted by appellants Suzie B. Wilson and Swedlana Dass.[1]

[1] Counsel for the trustee has asked us to inform the court that the trustee will not be submitting a separate response to appellants' jurisdictional memorandum.

1. On December 17, 2025, the bankruptcy court entered an order granting the City derivative standing to pursue avoidance actions on behalf of the bankruptcy estate. Bankr. R. 739.[2] On December 29, 2025, appellants Suzie Baba Wilson and Swedlana Dass filed a notice of appeal of the derivative-standing order to the district court. Bankr. R. 747. At a subsequent bankruptcy court hearing on January 13, 2026, the court explained that the appeal to the district court was "clearly interlocutory," in that "nothing in the court's derivative authority order reaches any final determination regarding liability for any party in any prospective avoidance action. All it does is establish a procedure for moving forward with those lawsuits." R. 7-1 at 7. The City has since filed avoidance actions naming Wilson and Dass as defendants, Bankr. R. 767, 768, 769, 842, and those actions remain pending in the bankruptcy court.

2. The district court has jurisdiction to hear appeals from final judgments of the bankruptcy court. 28 U.S.C. § 158(a)(1). Interlocutory appeals – with the exception of one type of interlocutory appeal not relevant here – require leave of the district court. *Id.* § 158(a)(3). Appellants did not seek leave of the court when they filed their notice of appeal to the district court. In the absence of a motion for leave to appeal, the district court may construe "the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bankr. P. 8004(d)(1).

3. The City argued in the district court that the order granting derivative

[2] We cite the bankruptcy court docket as "Bankr. R. __," the district court docket as "R. __," and this court's docket as "7th Cir. R. __."

standing was an interlocutory order, that the district court should treat appellants' notice of appeal as a request for leave to appeal, and that the court should deny leave. R. 7 at 11-12. The City also moved to dismiss the appeal on the ground that appellants lacked standing to challenge the derivative-standing order. R. 7 at 7-11.

4. In a memorandum opinion and order entered on July 23, 2026, the district court determined that the appeal was interlocutory and construed the "notice of appeal as a motion for leave to appeal." R. 17 at 7. The court further determined that it did "not have to decide whether to accept the appeal, because Wilson and Dass lack standing." *Id.* The court then dismissed the appeal for lack of standing. *Id.* at 30. Appellants filed a notice of appeal to this court on August 6, 2026. R. 18.

5. This court lacks jurisdiction because appellants appeal from a district court order that is not final. Even though a district court has the discretion to hear most interlocutory appeals in bankruptcy proceedings, review by the court of appeals is more limited, in that it has jurisdiction only over final district court decisions in bankruptcy proceedings. 28 U.S.C. § 158(d)(1). In bankruptcy, "if the district court's order leaves more work to be done (other than a ministerial action) in *either* the bankruptcy court or the district court, the district court's order is itself not final." *Matter of Anderson*, 917 F.3d 566, 570 (7th Cir. 2019). Here, the district court's order leaves more work to be done in the bankruptcy court, so it is not final. It leaves in place the order granting the City derivative standing to file avoidance actions. Avoidance actions have been filed, and the bankruptcy court has yet to

adjudicate them.

6. This comports with cases in which derivative standing orders of the bankruptcy court were deemed interlocutory because they left work to be done in the bankruptcy court. *See, e.g.*, *In re Trailer Source, Inc.*, 555 F.3d 231, 235 (6th Cir. 2009); *Moran v. Official Committee of Administrative Claimants*, No. 1:05CV2285, 2006 WL 3253128, at *2 (N.D. Ohio Nov. 8, 2006), *aff'd sub nom. In re LTV Steel Co.*, 560 F.3d 449 (6th Cir. 2009). The bankruptcy court in this case, too, understood its derivative standing order to be interlocutory because that court has not yet determined liability in any avoidance actions. R. 7-1 at 7. Plainly, the bankruptcy court believes it has more work to do.

7. Thus, the bankruptcy court is not finished with the case. And when a "case would not be over in the bankruptcy court," then "the district court's order is not final and [the court of appeals] would lack appellate jurisdiction under 28 U.S.C. §§ 158, 1291." *Matter of Aguirre*, 37 F.4th 427, 429 (7th Cir. 2022). This court therefore lacks jurisdiction over the appeal, pursuant to either 28 U.S.C. § 158 or 28 U.S.C. § 1291.

8. Appellants, for their part, ignore that the bankruptcy court and district court agreed that the bankruptcy court's derivative-standing order left work to be done in the bankruptcy court. Indeed, even though the district court cited caselaw supporting that conclusion, R. 17 at 6, appellants do not mention those cases, let alone explain how they are distinguishable or wrongly decided. Nor do appellants cite any contrary authorities.

9. Instead, appellants take the position that "[t]he district court's dismissal order is final because it ended the district-court bankruptcy appeal." 7th Cir. R. 7 at 4. But that view of finality is irreconcilable with *Anderson*, which requires that there be nothing left for the district court *or* the bankruptcy court to do. *Anderson*, 917 F.3d at 570. Appellants go on to argue that the district court's decision left nothing further for the bankruptcy court to do because "there was no remand." 7th Cir. R. 6. But the absence of a remand does not render the district court's decision final. Rather, the district court's decision leaves the bankruptcy court's derivative-standing order in place, thus allowing the City's avoidance actions to proceed. The appellants' interpretation would mean that every interlocutory order affirmed by the district court would be a final order appealable to the Circuit Court. That is not the law. The bankruptcy court and district court correctly perceived that there will be no final judgment until the bankruptcy court determines liability in an avoidance action. R. 7-1 at 7; R. 17 at 6.

10. Appellants also invoke the principle that a final decision in bankruptcy is one that "conclusively resolves a dispute that would be a stand-alone case outside bankruptcy." 7th Cir. R. 3 (citing *Anderson*, 917 F.3d at 569). Tellingly, however, appellants do not explain how a decision by a bankruptcy court on a creditor's request for derivative standing comprises a stand-alone case. The contrast between this case and *Anderson* is instructive. There, a debtor asked the bankruptcy court to rule that the outcome of a state-court foreclosure proceeding, in which the creditor did not obtain a deficiency judgment against the debtor, barred the creditor

from pursuing the shortfall in the bankruptcy case. *Anderson*, 917 F.3d at 568-69. The bankruptcy court denied the motion but the district court reversed, effectively blocking the creditor's claim. *Id.* at 569. This court explained that "[a] claim to foreclose a mortgage and collect a deficiency judgment on the note is a common stand-alone dispute outside of bankruptcy," thus satisfying the "stand-alone case" standard. *Id.* Here, however, the dispute over derivative standing does not resemble any stand-alone case.[3] Indeed, it has no consequence without further action, namely, the filing and adjudication of an avoidance action.

11. Contrary to appellants' assertion, we do not take the position that "finality . . . require[s] termination of the entire bankruptcy case." 7th Cir. R. 7 at 5. Rather, finality requires the resolution of an avoidance action, which is just one piece of the larger bankruptcy case.

12. The cases this court cited in its September 2, 2026 order do not compel a different outcome. They generally involve decisions by district courts (and in one case, a bankruptcy appellate panel) to dismiss appeals pursuant to 28 U.S.C. § 158(a) on the ground that the appeal was interlocutory rather than final and the court denied leave to appeal. Here, the district court did not dismiss the appeal

[3] In the analogous context of derivative shareholder litigation, the question of standing does not make out a stand-alone case. Rather, a plaintiff bringing a derivative shareholder suit must allege facts sufficient to establish standing, Fed. R. Civ. P. 23.1(b), and whether a plaintiff has standing is an issue for the court to decide in the course of adjudicating putative shareholder derivative actions, *e.g.*, *In re Facebook, Inc., Initial Public Offering Derivative Litigation*, 797 F.3d 148, 152 (2d Cir. 2015).

because it was interlocutory. Instead, the district court dismissed the appeal on the basis that appellants lacked standing to challenge the bankruptcy court's derivative-standing order. R. 17 at 30. The court's separate observation that the appeal was interlocutory, *id.* at 6-7, had no effect on its decision.

13. Nor do those cases suggest that there is jurisdiction in this court. In *In re Cyberco Holdings, Inc.*, 734 F.3d 432 (6th Cir. 2013), the bankruptcy court declined to consolidate two separate Chapter 7 estates and the movant appealed. *Id.* at 435. The Sixth Circuit's bankruptcy appellate panel determined that the appeal was interlocutory, declined leave to appeal, and dismissed it. *Id.* at 436. On appeal to the Sixth Circuit, the movant challenged only the bankruptcy appellate panel's determination that the bankruptcy court decision was interlocutory. *Id.* at 440. The Sixth Circuit determined that the bankruptcy appellate panel's decision was final because "[i]t fully resolved the appellate proceedings by deciding the jurisdictional question and left nothing for the bankruptcy court to do." *Id.* at 437. In so holding, the Sixth Circuit did not apply the principle that a decision is final only "when it conclusively resolves the sort of dispute that would be a stand-alone case outside of bankruptcy." *Anderson*, 917 F.3d at 569 (internal quotation marks omitted). Indeed, the court went on to observe that the bankruptcy court's denial of consolidation left the parties "to proceed with their respective adversary proceedings," which had yet to be decided. *Cyberco Holdings*, 734 F.3d at 440. Thus, the Sixth Circuit appears to have applied a standard for finality that conflicts with this court's precedents. Here, the derivative-standing order, R. 17 at 30, does

not satisfy this court's test for finality because the City's avoidance actions have yet to be adjudicated.

14. *In re Chateaugay Corp.*, 876 F.2d 8 (2d Cir. 1989), concerned a motion to dismiss the appeal on the ground that the bankruptcy court's order was interlocutory. *Id.* at 9. The Second Circuit explained that it lacked jurisdiction if the underlying bankruptcy court order was indeed interlocutory. *Id.* The court nevertheless denied the motion to dismiss so that a panel of the court could decide the issue "in the normal course." *Id.* The court further observed that dismissal at an earlier juncture is appropriate if "the interlocutory nature of a bankruptcy court order is plainly apparent." *Id.* That is the case here: the derivative-standing order is clearly interlocutory, leaving work to be done in the bankruptcy court. Accordingly, this court should dismiss this appeal.

15. *In re American Colonial Broadcasting Corp.*, 758 F.2d 794 (1st Cir. 1985), dealt with a bankruptcy court order authorizing a special master to sell certain assets of the debtor. *Id.* at 796. The district court determined on appeal that the bankruptcy court's decision was interlocutory, declined leave to appeal, and dismissed the appeal. *Id.* at 798-99. The Second Circuit explained that its "review [was] limited to the district court's determination that the [bankruptcy court's] order was interlocutory." *Id.* at 801. The court determined that the bankruptcy court's order was interlocutory, which rendered the district court decision likewise interlocutory because it "[left] matters in the bankruptcy court in the same unfinished state they were prior to the attempted appeal." *Id.* The Second Circuit

thus lacked jurisdiction and dismissed the appeal. *Id.* at 803. Here, too, this court lacks jurisdiction because the underlying bankruptcy court order leaves work to be done in the bankruptcy court.

16. Finally, *In re UAL Corp.*, 411 F.3d 818 (7th Cir. 2005), concerned a bankruptcy court order to vacate a prior order approving the debtor's decision to retain certain airplane leases. *Id.* at 821. On appeal, the district court determined that the order was interlocutory and dismissed the appeal. *Id.* This court disagreed with the district court and concluded that "the bankruptcy court's order was sufficiently final to be appealable" because it "fixed the bank's status as a creditor, determining both the amount due it and the priority of its claim." *Id.* at 822. The court thus had jurisdiction. *Id.* Here, by contrast, the bankruptcy court's order is not final until the avoidance actions are adjudicated, as we have explained.

17. For all these reasons, this court lacks jurisdiction and the appeal should be dismissed.

Respectfully submitted,

MARY B. RICHARDSON-LOWRY
Corporation Counsel
of the City of Chicago

By: s/ STEPHEN G. COLLINS
**STEPHEN G. COLLINS**
Assistant Corporation Counsel Supervisor
**SUZANNE M. LOOSE**
Chief Assistant Corporation Counsel
2 North LaSalle Street, Suite 580
Chicago, Illinois 60602
Direct: (312) 742-0115
stephen.collins@cityofchicago.org

## CERTIFICATE OF SERVICE

The foregoing RESPONSE TO JURISDICTIONAL MEMORANDUM has been electronically filed on September 16, 2026. I certify that I have caused the foregoing RESPONSE TO JURISDICTIONAL MEMORANDUM to be served on all counsel of record via CM/ECF electronic notice on September 16, 2026.

s/ STEPHEN G. COLLINS
**STEPHEN G. COLLINS**